IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE J. SHAW,

                Plaintiff,                ORDER

   v.

                                        12-cv-497-wmc

EDWARD WALL *et al.*,

                Defendants.

---

      In this civil action, pro se plaintiff Terrance J. Shaw has been granted leave to proceed on claims against various Oshkosh Correctional Institution ("OCI") staff members under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and the First Amendment. Shaw recently submitted a letter to the court detailing a series of incidents at OCI, on the basis of which he asks the court to take "appropriate action." Specifically, he indicates that staff member Sandy DeYoung (1) recently attempted to convince him to apply for a "light activity" job at the library; (2) told him that she had spoken to Matthew Jones, one of the defendants in this suit, about him; and (3) most recently, called him into her office to say that she believed he was being "less than honest" about his inability to take a prison job.

      Whether Shaw is capable of working given his disabilities is a fundamental component of his Rehabilitation Act claim here. (*See* Oct. 16, 2013 Opinion & Order (dkt. #15) 11.) Thus, the court understands his discomfort with the alleged conversations and his belief that they are inappropriate. It is unclear, however, what relief Shaw seeks. He indicates that he does not wish to be transferred to a different prison or cell block, but as this court noted in a previous order denying Shaw a preliminary injunction precluding defendants from transferring him, he appears to lack standing to seek injunctive relief preventing such a retaliatory transfer, since it

appears any risk of transfer is little more than speculative. *See Palmer v. City of Chi.*, 755 F.2d 560, 571 (7th Cir. 1985).

Nor can the court enjoin DeYoung from speaking to Shaw. DeYoung is not a defendant in this case, meaning that such an injunction would be improper unless directly related to the relief he seeks in this lawsuit. *See Williams v. Nelson*, No. 04-C-774-C, 2005 WL 755770, at *1 (W.D. Wis. Mar. 29, 2005) ("[P]laintiff's request for injunctive relief is improper because he may not request relief for injuries that are beyond the scope of the claims in this lawsuit.").

If Shaw believes that the conversations in question are motivated by this lawsuit *and* if the alleged harassment becomes sufficiently severe that it would "deter a person of ordinary firmness" from engaging in future First Amendment activity, *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009), Shaw *may* have a potential First Amendment retaliation claim against DeYoung. He would need to bring any such claim in a separate lawsuit, however, unless the actions in question become so pervasive that they "directly, physically impair [his] ability to prosecute his lawsuit." *See Cherry v. Berge*, No. 02-C-544-C, 2003 WL 23109395, at *1-2 (W.D. Wis. Jan. 27, 2003). Since none of the actions Shaw alleges rise to this level, he may not proceed on any such claims in this lawsuit at this time.

ORDER

IT IS ORDERED that plaintiff Terrance J. Shaw's request for relief (dkt. #69) is DENIED.

Entered this 11th day of August, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge