IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

TERRANCE J. SHAW,

                      Plaintiff,                          OPINION & ORDER

    v.

                                                       12-cv-497-wmc

EDWARD WALL *et al.*,

                      Defendants.
───────────────────────────────────────────────────────────────

      Plaintiff Terrance J. Shaw initially brought this lawsuit alleging various claims against staff members at Oshkosh Correctional Institution ("OSCI"), including violations of the First Amendment, the Fourteenth Amendment and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* Following briefing, the court granted defendants' motion for summary judgment on all but the Rehabilitation Act claim. (*See* Sept. 30, 2014 Opinion & Order (dkt. #85); Dec. 17, 2014 Opinion & Order (dkt. #100).) Shaw now seeks partial reconsideration of this court's decision granting summary judgment to defendant Matthew Jones on First Amendment free speech and retaliation claims. (Dkt. #87.) Shaw also asks the court to assist him in recruiting counsel to try his Rehabilitation Act claim. (*See* dkt. ##92, 95.) Finally, Shaw seeks to extend the trial date by sixty (60) days. (Dkt. #105.) For the reasons that follow, the court will deny the first and second motions but will grant a short extension to provide Shaw additional time to prepare for trial. No further extensions will be granted except for extraordinary grounds shown.

I. Motion for Reconsideration

   A. First Amendment Retaliation

The court originally granted Shaw leave to proceed on a retaliation claim against Jones premised on allegations that Jones denied Shaw leave to donate to the Democratic National Committee in retaliation for his complaints of disability discrimination. (*See* Oct. 16, 2013 Opinion & Order (dkt. #15) 13-14.) At the summary judgment stage, however, the court granted Jones's motion for summary judgment on the retaliation claim, because Shaw failed to adduce evidence that would permit a reasonable trier of fact to find this denial was causally connected to his grievances. (*See* Sept. 30, 2014 Opinion & Order (dkt. #85) 18-20.) In his brief in opposition, Shaw had pointed out that: (1) Jones had been employed at OSCI for more than nine years, which rendered improbable his claim that he had erroneously believed such donations were prohibited; and (2) Jones denied Shaw's request a second time, even after being informed he needed to articulate a different rationale. In response, the court found that this evidence did not support an inference that Jones had a *retaliatory* motive:

> Shaw appears to argue that, because Jones did not articulate a permissible reason to deny Shaw's disbursement request, he must necessarily have been relying on an *impermissible* reason. But this is mere speculation, just as one might speculate that Jones acted for an arbitrary or no reason. Without more, speculation as to Jones's underlying motives is not enough to defeat summary judgment. *See Turley v. Rednour*, 555 F. App'x 606, 609 (7th Cir. 2014) (citing *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008); *McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir. 2003)).

(*Id.* at 19-20.)

Shaw now contends that the court failed to consider two pieces of evidence that would allow a reasonable jury to infer a retaliatory motive. *First*, Shaw argues that Jones

2

went "above and beyond" his job responsibilities by informing the new Unit Supervisor, Debby Loker, that inmates were not allowed to donate to political parties. *Second*, Shaw argues that on December 13, 2010, attorney Michele M. Hughes wrote a letter to Jones regarding Shaw's complaints of discrimination.

As an initial matter, Shaw did not cite this evidence as support for an inference of causation in his original brief in opposition. (*See* Pl.'s Br. Opp'n (dkt. #63) 5-6 (section entitled "Evidence Of Retaliatory Motive Against Jones").) Since a motion for reconsideration is not an appropriate vehicle for arguing matters that could have been heard during the pendency of the previous motion, this alone is grounds to deny Shaw's motion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986). Even if considered, these two pieces of evidence would not alter the court's initial decision, since Shaw has still no evidence supporting an inference that his First Amendment protected activity (the filing of grievances for discrimination) *caused* the denial of his later request for a political disbursement. The critical point is that there remains no suspicious timing between Shaw's complaints of discrimination and the disbursement denials, nor any evidence of ambiguous statements evincing possible retaliatory motives.

In fairness, Shaw continues to challenge the credibility of Jones's stated reasoning, but "when challenges to witness[es]' credibility are *all* that a plaintiff relies on, and he has shown no independent facts – no proof – to support his claims, summary judgment in favor of the defendant is proper." *Springer*, 518 F.3d at 484 (emphasis in original). Said another way, Shaw once again attempts to undermine Jones's stated rationale for denying the disbursement requests in his motion to reconsider but has failed to produce evidence,

3

beyond his own speculation, that the *actual* motivation was to retaliate against him for complaints of disability discrimination.[1] Accordingly, the court will deny his motion for reconsideration on this point.

### B. First Amendment Free Speech

Shaw was granted leave to proceed on a separate First Amendment free speech claim challenging Jones's denial of his political disbursement requests. At summary judgment, the court granted Jones summary judgment on qualified immunity grounds, holding that a prisoner's right to donate to a political campaign is not clearly established. While a close question, the court pointed out that Shaw could point to no factually analogous case law, nor could this court find any. Instead, Shaw relied on cases like *Citizens United v. Federal Election Commission*, 558 U.S. 310, 360 (2010), without taking into account the effect that incarceration may have on his constitutional rights. After considering the discretion prison officials generally enjoy in handling prisoner property, and the deference due to prison officials' decisions, the court concluded that Jones's decision, while legally mistaken, was not so "egregious and unreasonable that, notwithstanding the lack of an analogous decision, no reasonable corrections officer could have thought he was acting lawfully." *Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 723-24 (7th Cir. 2013).

Shaw offers two arguments on reconsideration. *First*, he argues that Jones did not articulate any permissible reasoning for his actions (like ensuring that Shaw had money

---

[1] Shaw's citation to *Pratt v. Rowland*, 65 F.3d 802 (9th Cir. 1995), does not undermine this conclusion. That case holds that a successful retaliation claim "requires a finding that 'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals.'" *Id.* at 806 (quoting *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985)). *Pratt* does not hold that the absence of a legitimate goal can serve as *affirmative* evidence of causation, nor would such a holding be consistent with case law that precludes plaintiffs from relying on their own speculation to prove causation in a retaliation case.

4

available for his release), meaning Jones personally did not act with such reasoning in mind. As the court noted in its original opinion, however, qualified immunity is an objective inquiry. *Harrell v. Cook*, 169 F.3d 428, 431 (7th Cir. 1999). Accordingly, Jones's subjective good or bad faith is irrelevant.

*Second*, Shaw argues that even if the first denial was not egregious and unreasonable, the second was, because by that time Jones had notice that his decision did not comply with the Department of Corrections' procedures in denying disbursement requests. Certainly, Jones was on notice of the prison procedures he was supposed to follow after his first decision was overturned by Corrections Complaint Examiner ("CCE") Welcome Rose, but that is a different question than whether he was aware his actions violated clearly established *constitutional law*. Nothing in either of Rose's decisions would tend to put a reasonable officer on notice of a constitutional violation, which is the relevant question for qualified immunity purposes. Accordingly, the court will deny Shaw's request for reconsideration on this claim as well.

## II. Motion for Assistance in Recruiting Counsel

Shaw also asks the court to appoint an attorney to represent him at the upcoming trial on his Rehabilitation Act claim.[2] (Dkt. #95.) While civil litigants like Shaw have no constitutional or statutory right to the appointment of counsel, *e.g., Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997), the court has the discretion to recruit a volunteer in an appropriate case. Shaw has satisfied the threshold requirement of *Jackson v. County of McLean*, 953 F.2d 1070, 1072

---

[2] In support of that request, Shaw has concurrently filed a motion to proceed *in forma pauperis* in this case going forward. (Dkt. #92.) That motion will be denied as moot, because the court does not find that this is an appropriate case for volunteer counsel in any event.

(7th Cir. 1992), that he make reasonable efforts to retain counsel on his own before the court will seek a volunteer. Thus, the central question remaining is "whether the difficulty of the case – factually and legally – exceeds [Shaw's] capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007).

After reviewing the materials Shaw has submitted, the court concludes that his case does not present the sort of exceptional circumstances that would justify recruitment of counsel. The court credits his representation that he is indigent and lacks specialized training in the law, but this is true of nearly all *pro se* litigants and does not itself justify recruitment of counsel. Shaw next claims that he has no way of "investigating the crucial facts of his claims" and that his case is "complex." To the contrary, Shaw's one remaining claim under the Rehabilitation Act essentially comes down to a credibility contest. As a result of a disability that prevents him from working, Shaw alleges that he is required to attend canteen last, when the products he needs have run out. In contrast, defendants claim that: Shaw attends canteen in one of the first groups; the canteen almost never runs out of products; and Shaw has voluntarily chosen not to work. Accordingly, there would appear to be little or nothing more that Shaw would need to "investigate" in order to present his version of events to a jury.

Nor has Shaw pointed to any *specific* facts suggesting that he is unable to litigate his own case. Clearly, he is able to articulate his claim *and* marshal facts in support. While the record makes clear that he has health problems, Shawdoes not suggest that they would *prevent* him from presenting his case coherently to a jury.

Certainly, *pro bono* counsel would be able to present Shaw's case more effectively than he himself can (for example, with respect to the cross-examination of defendants). But "if

6

that were the test, district judges would be required to request counsel for every indigent litigant." *Pruitt*, 503 F.3d at 655 (quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)) (internal quotation marks omitted). As indicated in a previous opinion, this court receives many more requests for counsel than the small pool of available volunteers can accommodate. Based on all the facts and circumstances before the court at present, this matter is not exceptional, and neither the case itself nor Shaw as the plaintiff suggests that he is unable to try it on his own. Accordingly, the court will deny the motion for assistance in recruiting *pro bono* counsel.

III. **Motion for Extension of Time to Prepare for Trial**

While the court can find no justification to recruit counsel, it *can* give Shaw a short extension to prepare for trial, even without crediting the specific reasons he offers for doing so. Shaw will find that his best preparation for trial is to simplify his case to its essential facts, themes and law, which is advice available from Gerry Spence, as well as any good trial preparation treatise. This is *not* a complicated case. Shaw will almost certainly be ill-served by trying to make it one. Nevertheless, his request for a short, sixty (60) day extension is reasonable enough, understanding that no further extension of this civil trial date will be granted except for a showing of extraordinary good cause.

ORDER

IT IS ORDERED that:

1) Plaintiff Terrance J. Shaw's motion for reconsideration (dkt. #87) is DENIED.

2) Plaintiff's motion to proceed *in forma pauperis* (dkt. #92) is DENIED AS MOOT.

3) Plaintiff's motion for assistance in recruiting counsel (dkt. #95) is DENIED.

4) Plaintiff's motion for extension of time to prepare for trial (dkt. #105) is GRANTED.  Trial will now begin on Monday, April 27, 2015.  All dates leading up to trial are reset as follows:

   a. Rule 26(a)(3) Disclosures *and* all motions in limine:   March 27, 2015

   b. Responses:  April 10, 2015

   c. Telephonic Final Pretrial Conference:   April 23, 2015, at 3:30 p.m.; counsel for defendant shall initiate the conference call to the court.

   d. Conference with parties:  April 27, 2015, at 8:30 a.m.

   e. Jury Selection and Trial:  April 27, 2015, at 9:00 a.m.

Entered this 3rd day of February, 2015.

> BY THE COURT:
>
> /s/
>
> _____
> WILLIAM M. CONLEY
> District Judge