IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE J. SHAW,

|                    | Plaintiff, | OPINION & ORDER |

v.

12-cv-497-wmc

EDWARD WALL,

Defendant.

---

TERRANCE J. SHAW,

Plaintiff,                    OPINION & ORDER

v.

13-cv-847-wmc

KIMBERLY METZEN,

Defendant.

---

*Pro se* litigant Terrance Shaw has filed two motions for emergency injunctive relief, both seeking a court order preventing him from being transferred out of Oshkosh Correctional Institution ("OSCI"), where he is currently incarcerated. For the reasons that follow, both motions must be denied.

BACKGROUND

A small amount of background information is required to understand the context of Shaw's motions. Shaw first filed suit in 2012, asserting, among other claims, that he was denied the benefits of the canteen program at OSCI in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* Shaw maintained that he was willing to work, but OSCI refused to offer him a job he could perform. Instead, Shaw claims that he was forced to attend canteen last, in a group with other inmates who *refused* to work or attend school.

Following summary judgment, this remained the only claim for trial.  *See Shaw v. Wall*, No. 12-cv-497, 2014 WL 4926185 (W.D. Wis. Sept. 30, 2014); *Shaw v. Wall*, No. 12-cv-497, 2014 WL 7215764 (W.D. Wis. Dec. 17, 2014).  The court's subsequent rulings on defendant's motions in limine pared down the suit further, leaving Shaw with the prospect of injunctive relief and an award of nominal damages.  *Shaw v. Wall*, No. 12-cv-497, 2015 WL 1925045 (W.D. Wis. Apr. 28, 2015).  The parties then stipulated to dismiss his case with prejudice on June 29, 2015, pursuant to Rule 41(a)(1)(A)(ii).  (Case No. 12-cv-497, dkt. #156.)

On July 13, however, the court received a letter from Shaw containing the case numbers of both his cases and requesting that the court enter an emergency injunction on his behalf.  (Case No. 12-cv-497, dkt. #161; Case No. 13-cv-847, dkt. #55.)  According to Shaw, he has received word from the Program Review Committee ("PRC") that he is to be transferred out of OSCI, ostensibly for security reasons.  In Shaw's view, the scheduled transfer is retaliatory, intended to punish him for the lawsuits he has filed by depriving him of the benefits of his settlement in Case No. 12-cv-497, as well as providing prison officials an excuse to dispose of his property.

On July 16, the court received another letter from Shaw, asking the court: (1) to enjoin the PRC from transferring him out of OSCI; and (2) to reject the settlement agreement in Case No. 12-cv-497 and reschedule the matter for a bench trial.  (Case No. 12-cv-497, dkt. #162; Case No. 13-cv-847, dkt. #57.)  Shaw now contends that had he known about the transfer, he would not have settled his Rehabilitation Act claim without a stipulation that he would remain at OSCI.  Shaw also complains that although he signed the settlement agreement prepared by defendant's counsel, he had prepared his *own* version

of that agreement, which defendant's counsel did not sign.  In his view, this means that the settlement agreement has not yet taken effect.

OPINION

As for Case No. 12-cv-497, defendant correctly points out that the court lacks jurisdiction to take any action.  A dismissal pursuant to Rule 41(a)(1)(A)(ii) takes effect immediately upon the filing of a stipulation "signed by all parties."  Fed. R. Civ. P. 41(a)(1)(A); *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007).  Indeed, the stipulation takes effect without a court order.  *See id*.  Thus, Shaw's request that the court not "accept" the parties' settlement misses the mark, since it was never before the court in the first place.  Furthermore, "when a suit is dismissed with prejudice, it is gone[.]"  *Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007).  Therefore, the court has no authority to take any further action in Case No. 12-cv-497.

In contrast, Shaw still has a First Amendment claim pending in Case No. 13-cv-847.  That claim is premised on allegations that librarian Kimberly Metzen filed exaggerated disciplinary charges against him and confiscated his legal papers in retaliation for an inmate complaint Shaw filed against her.  However, his pending requests for injunctive relief are entirely unrelated to that claim, both in terms of the factual bases for the claims and the alleged wrongdoers (as Metzen appears to have played no role in the allegedly retaliatory transfer).  The Seventh Circuit has made clear that "[u]nrelated claims against different defendants belong in different suits."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Furthermore, a "claim for injunctive relief can stand only against someone who has the authority to grant it."  *Williams v. Doyle*, 494 F. Supp. 2d 1019, 1024 (W.D. Wis. 2007).

3

Metzen is the only defendant named in Case No. 13-cv-847, and she no longer works for the Department of Corrections.  Therefore, she has no authority over Shaw's pending transfer and could not grant him the relief he seeks.  (Case No. 13-cv-847, dkt. #32, ¶ 2.)

Assuming good grounds exist to do so, Shaw may, of course, grieve his transfer as retaliatory before the DOC and, failing there, file a new lawsuit alleging that DOC officials retaliated against him.  He may also move for preliminary injunctive relief in any such suit, and the court will screen that suit pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e, and endeavor to address his request promptly.  But neither his dismissed Rehabilitation Act case, nor the retaliation case that is still pending, is a proper vehicle for the relief he now seeks.  Accordingly, his motions for injunctive relief in these cases will be denied.


ORDER

IT IS ORDERED that plaintiff Terrance Shaw's motions for emergency injunctive relief (Case No. 12-cv-497, dkt. ##161, 162; Case No. 13-cv-847, dkt. ##55, 57) are DENIED.

Entered this 28th day of July, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4